UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. HEALTH OUTCOMES<br>TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>HALLMARK HEALTH SYSTEM,<br>INC., LAWRENCE MEMORIAL<br>HOSPITAL, WHIDDEN MEMORIAL<br>HOSPITAL, and MALDEN HOSPITAL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 01-11375-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PROTECTIVE ORDER GOVERNING THE
### DISCLOSURE OF PROTECTED HEALTH INFORMATION

To expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect Protected Health Information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), ORDERED:

(1) **Protected Health Information Defined.** As used herein, Protected Health Information refers to information defined as protected health information in 45 C.F.R. § 160.103.

(2) **Production of Protected Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain Protected Health Information to the defendants and to the relator, Health Outcomes Technologies, Inc., pursuant to the defendants' and the relator's discovery requests. In addition to the protection afforded by the Health Insurance Portability and Accountability Act of 1996

and implementing regulations at 45 C.F.R. Parts 160 and 164 (collectively, "HIPAA"), the Protected Health Information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the Protected Health Information to any entity outside the United States. The United States shall produce Protected Health Information unredacted to the defendants and the relator. Upon producing Protected Health Information to the defendants and the relator, the United States shall designate the documents containing Protected Health Information as "confidential" in the manner set forth in paragraph 4, below. The defendants, including defendants' counsel and their personnel, may use the Protected Health Information only for purposes of the litigation, and may disclose the Protected Health Information to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs a declaration in the form attached hereto. The defendants and the relator shall not file documents containing Protected Health Information with, or submit Protected Health Information to, the Court or reproduce Protected Health Information in any court filing unless the document or filing containing Protected Health Information is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, defendants and relator shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing Protected Health Information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

(3) **Production of Protected Health Information By Defendants That May Be Subject To HIPAA or Other Privacy Protections.** Defendants may produce Protected Health Information to the United States and to the relator. In addition to the protection afforded by

HIPAA, the Protected Health Information produced may be subject to other privacy protections or there may be no waiver by the patient to produce the records. Defendants shall not redact Protected Health Information and shall produce the Protected Health Information unredacted to the extent permitted by law. Upon producing the Protected Health Information, defendants shall designate the documents containing Protected Health Information as "confidential" in the manner set forth in paragraph 4, below. Except as set forth below, the United States, including counsel for the United States and other personnel working on this litigation, and the relator, including counsel for the relator and their personnel who are working on this litigation, may use the Protected Health Information only for purposes of the litigation, and may disclose Protected Health Information to non-parties to this litigation only as needed for the litigation, and only if the non-party signs a declaration in the form attached hereto. The United States and the relator shall not file documents containing Protected Health Information with or submit Protected Health Information to the Court or reproduce Protected Health Information in any court filing unless the document or filing containing Protected Health Information is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, the United States and the relator shall return all documents and all copies of documents designated confidential, as well as all notes, memoranda, summaries, or other documents containing Protected Health Information from the designated confidential documents, to counsel for the defendants or shall destroy them and certify in writing to counsel for the defendants that the documents have been destroyed; except that counsel for the United States may maintain one copy of any document designated confidential in their master file for this case and may maintain copies of any notes or summaries based on such confidential documents in their master file for this case, provided that any such materials are clearly

designated as confidential or affixed with another legend indicating that the materials are subject to this Protective Order.

(4) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER."

(5) **Non-Parties That Receive Protected Health Information Pursuant to Paragraphs 2 and 3 of This Protective Order.** Subject to the exclusions from this Protective Order set forth in paragraphs 14 and 15, any non-party that receives Protected Health Information pursuant to Paragraphs 2 and 3 of this Protective Order may use the Protected Health Information only for purposes of this litigation and may not disclose such Protected Health Information to anyone not specifically entitled to access under the Protective Order. Moreover, any non-party that receives Protected Health Information pursuant to Paragraphs 2 and 3 agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Order. Non-party recipients of any Protected Health Information pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential personal health information. In addition, non-party recipients of any Protected Health Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Health Information.

(6)     **Confidential Health Information in Depositions.** Parties may disclose Protected Health Information to deponents only if the deponent signs a declaration in the form attached hereto. However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by redacting or coding the Protected Health Information to substitute a numerical or other designation for the patient's name or other identifying information. The parties may within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION- SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

(7)     **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(8)     **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings marked confidential by the parties pursuant to the above paragraphs.

(9) **Modification Permitted.** Nothing in this Order shall prevent any party form seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(10) **No Waiver.** The failure to designate any materials as provided in paragraph 4 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(11) **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

(12) **Unauthorized Disclosure.** Should any Protected Health Information be disclosed in a manner not authorized by this Protective Order, through inadvertence or otherwise, by a party or non-party, then the party or non-party that made the unauthorized disclosure shall use his/her best efforts to obtain the return of any such Protected Health Information and to bind the recipient of Protected Health Information to the terms of this Order and shall, within seven (7) business days of the discovery of such disclosure, inform the recipient of Protected Health Information of all provisions of this Order and identify such recipient to the party who designated the relevant Protected Health Information. Nothing in this paragraph limits the remedies that the party who designated the relevant Protected Health Information may pursue for breach of this Protective Order.

(13) **Nontermination.** This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

(14) **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(15) **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use a reasonable effort to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

ORDERED this __8th__ day of __Dec.__, 2005

_____
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record